Gary L. Kaplan
Peter B. Siroka
FRIED, FRANK, HARRIS, SHRIVER
   & JACOBSON LLP
One New York Plaza
New York, New York  10004
Telephone: (212) 859-8000
Facsimile:  (212) 859-4000

*Attorneys for Lic. Fernando del Castillo Elorza as*
*Foreign Representative of Controladora*
*Comercial Mexicana, S.A.B. de C.V.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re: | Chapter 15 |
| **CONTROLADORA COMERCIAL MEXICANA, S.A.B. de C.V.** | Case No. 10-13750 (SMB) |
| Debtor in a Foreign Proceeding. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### DECLARATION OF LIC. FERNANDO DEL CASTILLO ELORZA AS MEXICAN COUNSEL TO CONTROLADORA COMERCIAL MEXICANA S.A.B. DE C.V. PURSUANT TO 28 U.S.C. § 1746

I, Lic. Fernando del Castillo Elorza, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am a partner in the Mexico-based law firm of Santamarina y Steta, S.C., located at Campos Eliséos 345, Col. Chapultepec Polanco, 11560 Mexico D.F.  I hereby submit this declaration (the "Declaration") in support of the Verified Petition for Recognition of Foreign Main Proceeding and Request for Related Relief (the "Chapter 15 Petition"), which is to be filed contemporaneously herewith, and which seeks entry of an order (i) recognizing the voluntary judicial reorganization proceeding (the "Concurso Proceeding") that was initiated by

Controladora Comercial Mexicana, S.A.B. de C.V. ("CCM") in the District Court for Civil Matters in the Federal District of Mexico (the "Federal District Court"), on July 14, 2010, as a foreign main proceeding pursuant to sections 1515 and 1517 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and (ii) granting related relief pursuant to section 1520 of the Bankruptcy Code.

2. Although Spanish is my native language, I am fluent in English and have elected to execute and submit this Declaration in English.

3. In this Declaration, after describing my background and qualifications with respect to Mexico's *Ley de Concursos Mercantiles*, as officially published in the *Diario Oficial de la Federación* on May 12, 2000 (the "Mexican Business Reorganization Act"),[1] I provide a description of the general structure of those provisions of the Mexican Business Reorganization Act that specifically relate to this Court's consideration of the Chapter 15 Petition. I then describe the status of CCM as the subject of a voluntary judicial reorganization proceeding in Mexico pursuant to the Mexican Business Reorganization Act, with a previously agreed restructuring plan with holders of at least 85% of CCM's claims (*Concurso con Plan de Reestructura Previo)* who also sign the petition (the "Mexican Pre-Pack").

4. In preparing this Declaration, I have reviewed the (i) Chapter 15 Petition and (ii) the Mexican Business Reorganization Act as it relates to chapter 15 of the Bankruptcy Code.

**BACKGROUND AND QUALIFICATIONS**

5. Pertinent aspects of my legal background are as follows: I earned my law degree from the *Universidad Nacional Autónoma de México*, in Mexico City, in June 1993. Since obtaining my law degree, I have been a practicing attorney with the law firm of Santamarina y

---

[1] The Spanish version of the Act can be found on the Internet website of the Mexican Federal Institute of Business Reorganization Specialists (IIFECOM), at http://www.ifecom.cjf.gob.mx/PDF/LCMyND/8.pdf.

2

Steta, S.C. I was named a partner of Santamarina y Steta in January 2002, in addition to being appointed as the Lead Partner for the civil and commercial litigation practice area. As part of my practice, I have been involved in several insolvency litigation proceedings pursuant to the Mexican Business Reorganization Act.

6. In 1997, I was invited as a speaker to lecture on the old insolvency law in Mexico during the Fifth Annual Conference for the International Federation of Insolvency Professionals (INSOL) in New Orleans. I have also lectured and conducted presentations with respect to the Mexican Business Reorganization Act for clients and large lending institutions.

7. Since the end of October 2008, I have represented and advised CCM with respect to all aspects of the company's Mexican insolvency and business reorganization proceedings.

8. Papers submitted by CCM in its Concurso Proceeding, and in related proceedings in other courts, have been drafted by me or under my supervision.[2]

## THE MEXICAN BUSINESS REORGANIZATION ACT
### (*LEY DE CONCURSOS MERCANTILES*)

**A.  Overview of Pertinent Provisions of the Mexican Business Reorganization Act**

9. The Mexican Business Reorganization Act, which went into effect on May 15, 2000, is a relatively recent statute intended to replace Mexico's 1943 *Ley de Quiebras y de Suspensión de Pagos, officially published in the Diario Oficial de la Federación* on April 20, 1943. The older law was frequently criticized for the resultant delay in concluding proceedings and for the economic inefficiency of not permitting otherwise viable enterprises to reorganize as going-concerns, but rather focusing on liquidation of the insolvent debtor.

---

[2] The information concerning CCM's Concurso Proceeding in Mexico is drawn either from public documents or from my personal knowledge. Furthermore, I have not relied on any confidential attorney-client communications or on confidential documents prepared in anticipation of litigation.

3

10. By contrast, the Mexican Business Reorganization Act expressly recognizes that it is "in the public interest to preserve companies and to prevent a general default in payment from risking their failure and the failure of other companies with which they have dealings." Mexican Business Reorganization Act, Art. 1. To that end, the Mexican Business Reorganization Act establishes a reorganization process very similar to that which exists under chapter 11 of the Bankruptcy Code in the United States.

11. As I understand the process of commencing a chapter 11 reorganization under the Bankruptcy Code, similarly, cases brought under the Mexican Business Reorganization Act are commenced by the filing of a petition for business reorganization either by the debtor, a creditor or a government official. *See id.* at Art. 21. The petition is filed in the Mexican federal district court in the jurisdiction in which the debtor has its primary place of business. *See id.* at Art. 17. As CCM has its primary place of business in Mexico D.F., the petition was filed with the Federal District Court on July 14, 2010.

12. As opposed to a regular voluntary petition, the filing of a Mexican Pre-Pack excludes the commencement of an "auditing" process in which a court-appointed examiner ("*visitador*") examines the company's books and records to determine if the company satisfies the eligibility requirements to be a debtor as defined and required under the Mexican Business Reorganization Act. *See id.* at Arts. 10, 29-40. In lieu of this auditing process the representative of the petitioner must declare under penalty of perjury that the company meets the thresholds provided for by the Mexican Business Reorganization Act to be declared eligible for Concurso.

13. In a Mexican Pre-Pack, following the filing of the joint petition, the Court will issue a "business reorganization judgment" determining whether the petition will be granted and the debtor admitted to the bankruptcy reorganization. *See id.* at Art. 24.

14. If the Court decides to grant the petition and treat the case as a business reorganization, all efforts by creditors to enforce judgments or otherwise seize assets of the debtor will be automatically stayed. *See id.* at Art. 43, § IV; Art. 65.[3]

15. Also, upon granting the petition and treating the case as a business reorganization, the Mexican Pre-Pack follows the same rules for a regular concurso process.

16. If the petition is granted and the case is judicially recognized as a business reorganization, the case will enter a "conciliation" stage and a *conciliador* ("Conciliator") will be appointed. *See id.* at Art. 43, §§ IV, V. The conciliation stage is analogous to what I understand to be the exclusivity period under U.S. bankruptcy law. The Conciliator is a professional associated with the Federal Institute of Business Reorganization Specialists (the *Instituto Federal de Especialistas de Concursos Mercantiles*), a branch of the Mexican federal judiciary. The Conciliator is responsible for mediating and negotiating between the Debtor and its creditors, and is also responsible for proposing a plan of reorganization. *See id.* at Arts. 148-151. So long as the debtor remains in control of its business, the Conciliator is empowered to "monitor the accounting and any transactions carried out by the Merchant." *See id.* at Art. 75. In addition, the Conciliator is empowered to accept or reject executory contracts, the assumption of additional debt and the sale of post petition assets outside the regular course of business. *Id.* The Conciliator is further empowered to ask the court to remove and replace the management of the debtor. *See id.* at Art. 81.

---

[3] In relevant part, Article 65 of the Mexican Business Reorganization Act provides as follows:

> From the business reorganization judgment issue date to the end of the conciliation stage, no seizure or enforcement order may be executed against the Merchant's properties and rights.

> Notably, under the Mexican Business Reorganization Act, the term "Merchant" has the same meaning as the term "Debtor" under the Bankruptcy Code.

5

17. The conciliation process can last no longer than 365 days. *See id.* at Art. 145. If, within that time, a plan of reorganization has not been proposed, the debtor will be directed by the court to enter liquidation proceedings.

18. If the debtor, with the assistance of the Conciliator, succeeds in formulating a reorganization agreement (or "conciliation"), the Conciliator must submit the agreement to the debtor's allowed creditors for their approval. In order to be considered valid, the agreement must be ratified by a majority of "regular" creditors, as further explained herein. *See id.* at Art. 157.

19. After receiving approval of a reorganization agreement from the debtor's creditors, the Conciliator must then submit the reorganization plan to the court for its own review and approval. *See id.* at Art. 161. Creditors who object to the proposed plan are entitled to file objections. *See id.* at Art. 162.[4] Following this period of comments and objections, the court may then approve the reorganization plan if it finds that the "proposed agreement meets all of the requirements of this Chapter and is not inconsistent with any public policy provision." *See id.* at Art. 164.

B. **The Mexican Business Reorganization Act Satisfies All of the Factors for Granting Additional Relief Set Forth in Section 1507 of the Bankruptcy Code**

   i. *Provisions Providing for Just Treatment of All Holders of Claims Against or Interests in the Debtor's Property*

20. The Mexican Business Reorganization Act provides for the just treatment of all holders of claims against or interests in the estate, including foreign creditors. Article 290 of the Mexican Business Reorganization Act specifically provides that "foreign creditors shall have the

---

[4] The above description of the reorganization agreement process summarizes only the most pertinent provisions of the Mexican Business Reorganization Act.

6

same rights as Mexican creditors in relation to the commencement of a proceeding in this State and the participation in it pursuant to this act."

    ii.    *Protection Against Preferential or Fraudulent Disposition of Property of the Debtor*

21.    The Mexican Business Reorganization Act contains several protections against the preferential or fraudulent disposition of property of a debtor's estate.

22.    First, throughout the entire process of reorganization, the debtor's estate is subject both to the review of the court and the specific supervision of the outside examiner (in the initial phase) and the independent conciliator (in the conciliation phase). *See id.* at Art. 75.

23.    Second, Chapter VI of the Mexican Business Reorganization Act (Articles 112-119) sets forth specific provisions prohibiting fraudulent acts against creditors, including fraudulent conveyances, self-dealing transactions, transactions with family members, and transactions with related business associations, if done without proper consideration. Finally, if the Conciliator suspects the presence of fraud or preferences, he may ask the supervising Court to remove the debtor's management. *See id.* at Act, Art. 81.

    iii.    *Provisions Pertaining to Priority and Distribution of Property or Proceeds from the Estate*

24.    The Mexican Business Reorganization Act provides for the recognition and prioritizing of creditor claims and for the distribution of estate assets to be made in accordance with that ranking. Articles 217 through 228 of the Mexican Business Reorganization Act sets forth a comprehensive ranking of creditor priorities. Apart from the *sui generis* category of "singularly privileged creditors," creditor classes are categorized and ranked as "creditors with collateral," "creditors with special privileges," and "regular creditors." *See id.* at Art. 217.

25.    "Creditors with collateral" are defined as mortgagees and pledgees—the most common form of security interest in Mexico. They are paid out of the proceeds of the property

that has been collateralized against the mortgage or pledge, and generally in the order that their pledges or mortgages have been registered in accordance with the Mexican applicable laws. *See id.* at Art. 219.

26. "Creditors with a special privilege" are "those who, according to the Commercial Code or the applicable law, have a special privilege or a retention right," such as bailees and sellers in possession.

27. "Regular Creditors" consist of all creditors other than those defined above. They collect proceeds of the estate on a *pro rata* basis without distinction as to dates. *See id.* at Art. 222.

28. In addition to the creditor rankings set forth above, the Mexican Business Reorganization Act recognizes certain judicially approved estate administrative claims which receive priority over any other claim. They consist of: (i) expenses incurred by the debtor in the administration of the estate provided that those expenses are approved by the Conciliator; (ii) expenses incurred in connection with the protection and preservation of the estate; (iii) expenses incurred as a result of judicial or extra-judicial proceedings in benefit of the estate; and (iv) the necessary expenses and fees incurred by the Conciliator so long as they are in accord with the regulations of the Mexican Institute of Business Reorganization Specialists.

29. The above mentioned preferences, however, do not take priority over creditors with collateral—which are junior in the order of priority—unless (i) the expenses are the result of "any litigation filed to defend or recover any properties which were the subject of the collateral or to which the privilege applies . . . or (ii) expenses necessary for the repair, preservation and sale" of the secured assets. *See id.* at Art. 225.

30. Article 221 requires that any tax and some labor related liabilities be paid after satisfaction of the claims of the above-mentioned secured creditors. If a tax liability, however, is secured by collateral, such liability will be treated in accordance with the priority afforded to creditors with collateral in accordance with Articles 217 and 225.

iv. *Protection of Foreign Creditors*

31. Finally, the Mexican Business Reorganization Act expressly protects the rights of foreign creditors and ensures that their claims will be treated the same as those of domestic creditors. The Act provides that foreign creditors have exactly the same rights as Mexican creditors. *See id.* at Art. 290.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: July 16, 2010
Mexico D.F.

/s/ Fernando del Castillo Elorza
Lic. Fernando del Castillo Elorza

SANTAMARINA Y STETA, S.C.
Campos Eliseos 345
Col. Chapultepec Polanco
11560 México, D.F.
Telephone: 55-52-5279-5426
Fax: 52-55-5280-6226

*Corporate and Restructuring Counsel to*
*Controladora Comercial Mexicana, S.A.B. de C.V.*
*in Concurso Proceeding Pending in Mexico*