UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
: 
In re: : Chapter 15
:
**CONTROLADORA COMERCIAL** : Case No. 10-13750 (SMB)
**MEXICANA, S.A.B. de C.V.** :
:
      Debtor in a Foreign Proceeding. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND REQUEST FOR RELATED RELIEF

      Fernando del Castillo Elorza (the "Petitioner"), having filed the Verified Petition for Recognition of Foreign Main Proceeding and Request for Related Relief, dated July 16, 2010 (the "Chapter 15 Petition"), in its capacity as the duly-appointed foreign representative of Controladora Comercial Mexicana, S.A.B. de C.V. ("CCM"), the debtor in a voluntary insolvency proceeding commenced under Mexico's *Ley de Concursos Mercantiles* (the "Concurso Law"),[1] which is currently pending in Mexico before the Federal District Court; and upon the Court's review and consideration of the Chapter 15 Petition, the Declaration of Fernando del Castillo Elorza in Support of the Chapter 15 Petition (the "Foreign Representative Declaration"), the Declaration of Fernando del Castillo in Support of the Chapter 15 Petition (the "del Castillo Declaration") and the Notice Pursuant to 11 U.S.C. § 1518 of Entry of Order in Foreign Proceeding Granting Debtor's Voluntary Petition for Relief under the Mexican Business Reorganization Act (the "Notice of Concurso Declaration" and, together with the Chapter 15 Petition, the Foreign Representative Declaration and the del Castillo Declaration, the "Chapter 15 Pleadings"); and no objections or other responses having been filed; and a hearing having

---

[1]     Capitalized terms used herein but not otherwise defined herein shall have the meaning ascribed to them in the Chapter 15 Petition.

1

been held before this Court on August 19, 2010 (the "Recognition Hearing"); and it appearing that timely notice of the filing of the Chapter 15 Pleadings and the Recognition Hearing has been given to CCM's known creditors and that no other or further notice need be provided;

NOW, THEREFORE, the Court hereby finds and determines as follows:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C. Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

D. This chapter 15 case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

E. Petitioner, counsel to CCM in Mexico, is a "person" pursuant to 11 U.S.C. § 101(41) and has been duly appointed and authorized to serve as CCM's "foreign representative" with respect to the Concurso Proceeding within the meaning of section 101(24) of the Bankruptcy Code.

F. The Chapter 15 Pleadings meet all of the requirements set forth in section 1515 of the Bankruptcy Code.

G. The Concurso Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

H. The Concurso Proceeding is pending in Mexico, which is the country where CCM has the center of its main interests, and, as such, the Concurso Proceeding is a "foreign main proceeding" within the meaning of sections 1502(4) and 1517(b)(1) of the Bankruptcy Code.

ACCORDINGLY, after due deliberation and sufficient cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Chapter 15 Petition is granted and the Concurso Proceeding is recognized as a foreign main proceeding pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code;

2. CCM and the Petitioner are entitled to all of the relief set forth in section 1520 of the Bankruptcy Code, including without limitation the stay under section 362 of the Bankruptcy Code, through the duration of this chapter 15 case or until otherwise ordered by this Court and, upon entry of this Order, section 1520 shall be given its full force and effect;

3. Notwithstanding anything contained herein or in the Bankruptcy Code (including, without limitation, Sections 1507, 1520, 1521, or 362) to the contrary, upon the occurrence of a Trigger Event (as such term is defined in the Motion), the automatic stay of section 362 of the Bankruptcy Code (and any stay or injunction thereafter ordered by this Court or imposed by operation of any provision in the Bankruptcy Code) shall automatically be lifted without the need for further order or action of the Court solely for the purposes of allowing a Derivative Counterparty to: (i) send a notice terminating its Standstill Agreement with CCM (to the extent such notice is required pursuant to the terms of the relevant Standstill Agreement) and (ii) exercise all of its rights and remedies (including, without limitation, continuance of the Derivatives Litigation) against CCM and its assets, free of any stay or injunction ordered by this Court or imposed by operation of any provision of the Bankruptcy Code;

4. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this chapter 15 case, and any request by an entity for relief from the provisions of

this Order, for cause shown, that is properly commenced within the jurisdiction of this Court; and

5. The Petitioner shall serve a copy of this Order upon all known government units and creditors of CCM affected by this order (and, with respect to the Noteholders, on the Indenture Trustees for distribution to the Noteholders) by first class mail no later than August 23, 2010.

6. Notwithstanding the pendency of the above captioned Chapter 15 proceeding, the New York Court shall have exclusive jurisdiction over any dispute arising out of or relating to any Stipulation.

Dated: August 19, 2010
      New York, New York

                                             **/s/ STUART M. BERNSTEIN**
                                             THE HONORABLE STUART M. BERNSTEIN
                                             UNITED STATES BANKRUPTCY JUDGE